IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAY A. KNIGHT,

Plaintiff,

v.

ELON UNIVERSITY,

Defendant.

1:26-CV-124-DAB-JGM

## ORDER

Plaintiff Ray Knight, a North Carolina resident, brings this action against Defendant Elon University asserting two claims arising from the denial of a recommendation for tenure: (1) retaliation under the National Defense Authorization Act ("NDAA"), 41 U.S.C.A. § 4712, and (2) wrongful termination in violation of North Carolina public policy. Knight seeks declaratory relief, in the form of reinstatement and a favorable letter of reference, compensatory damages, including back pay, punitive damages, costs, and "mutual confidentiality, mutual non-disparagement, and mutual releases." *Complaint*, D.E. 1 (Feb. 6, 2026). Elon University submitted a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Motion to Dismiss Memorandum*, D.E. 6 (Mar. 17, 2026).

After each party submitted all briefings on the motion to dismiss, Knight submitted a *Motion for Leave to File a Sur-Reply*, D.E. 13 (Apr. 14, 2026), on the grounds that Elon University introduced new arguments in its reply brief. *Reply*, D.E. 12 (Apr. 3, 2026). The Court, having reviewed the docket, finds that Knight mischaracterizes the *Memorandum* and *Reply*. Elon University did not introduce new arguments or expand the factual record in the *Reply*. Every "new argument" that Knight references appeared in Elon University's *Memorandum*. D.E. 6. Further, Knight's *Sur-Reply* incorrectly states that the Motion to Dismiss focused "narrowly on exhaustion," which plainly ignores Sections II.B and III of the *Memorandum*.

*Sur-Reply*, ¶ 6, D.E. 13. Having considered these facts, the Court DENIES the Motion for lack of good cause.

For the following reasons, the Court GRANTS the motion to dismiss and DISMISSES this action without prejudice.

## FACTUAL BACKGROUND

The facts, taken as true from Plaintiff Ray Knight's verified amended complaint for the purpose of Defendants' motion to dismiss show the following:

Knight is a former Professor of Accounting in Elon's Love School of Business. *Complaint*, ¶ 13, D.E. 1 (Feb. 6, 2026). He holds a law degree from Wake Forest University. *Id.* ¶ 11.

In 2021, Knight learned that another faculty member improperly provided students with answers to certification exams connected to Elon's participation in a Volunteer Income Tax Assistance ("VITA") program administered by the IRS. That conduct may violate IRS Form 13533, which "require[s] the strictest standards of ethical conduct in sponsoring a VITA." *Id.* ¶ 19. Knight reported this incident to the Department Chair in September 2021. *Id.* ¶ 20. One week later, Knight was removed from his VITA director role and replaced with a newly hired faculty member. *Id.* ¶ 21. Knight then reported the misconduct to the Dean of the College and to Human Resources. *Id.* ¶ 22. Knight asserts that the University did not take any corrective action and did not self-report to the IRS or AACSB for the ethical violations, despite obligations to do so. *Id.* ¶ 23. In February 2022, Knight submitted a formal written complaint to the Dean of the College and to Human Resources regarding the cheating scandal. *Id.* ¶ 25. Knight asserts that the University again failed to investigate, disclose, or remediate the conduct in question. *Id.* ¶ 26.

In the fall of 2022, Knight submitted his tenure application to the University. *Id.* ¶ 27. Knight says that the only eligible evaluator issued a "glowing recommendation praising [Knight's] teaching, scholarship and service." *Id.* ¶ 28. The Dean of the College, however, issued a negative recommendation. *Id.* ¶ 29. Knight was denied tenure in March 2023. *Id.* ¶ 31.

## ANALYSIS

### I.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim,

or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility demands "factual content" that permits a "reasonable inference" of liability. *Id*.

When analyzing a 12(b)(6) motion, a court accepts as true all well-pleaded allegations of the challenged complaint and views those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; see also *Iqbal*, 556 U.S. at 678. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While courts construe *pro se* complaints liberally, *Willner v. Dimon*, 849 F.3d 93, 103–04 (4th Cir. 2017), the leniency ordinarily afforded *pro se* litigants is not appropriate where the *pro se* plaintiff is a licensed attorney. *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Rashad v. Jenkins*, 2016 WL 901279, at *3 (E.D. Va. 2016).

## II.   NDAA Claim

### A.  Failure to Exhaust Administrative Remedies

A viable NDAA claim requires that the plaintiff first exhaust his administrative remedies under the statute. *See* 41 U.S.C.A. § 4712(c)(2); *see also Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 580 (5th Cir. 2020) ("Section 4712 requires a complainant like Robertson to exhaust administrative remedies before filing suit."); *see also Trombetti v. Aldan Borough*, No. CV 25-1362, 2025 WL 2200915, at *7 (E.D. Pa. Aug. 1, 2025) (Dismissing plaintiff's NDAA claim, in part, because plaintiff "does not plead exhaustion under the Act").

The statute requires that a complainant who has made a protected disclosure under the NDAA and believes he has been retaliated against because of that disclosure, submit a complaint to the relevant executive agency's Inspector General. *See* 41 U.S.C.A. § 4712(b). The Inspector General must investigate the complaint and submit a report to the complainant, the contractor or grantee, and the head of the

executive agency. *Id.* Upon receipt of the Inspector General's report, the agency head has thirty days to determine whether the contractor or grantee retaliated against the complainant for a protected disclosure. 41 U.S.C.A. § 4712(c)(1). If the agency head determines that retaliation did not occur, the agency must issue an order denying relief. *Id.* If, however, the agency head determines that retaliation did occur, the agency must order the contractor or grantee to take "affirmative action to abate the reprisal," including appropriate relief. *Id.* Only after the head of the executive agency issues an order denying relief or fails to issue any order within 210 days after the submission of the complaint to the Inspector General, is the complainant deemed to have exhausted all administrative remedies and he may bring an action against the contractor or grantee in federal district court. 41 U.S.C.A. § 4712(c)(2).

Knight does not allege that he exhausted his administrative remedies as required by the NDAA. *Complaint*, D.E. 1. He does not allege that he submitted a complaint to the Inspector General, nor does he allege that the Inspector General has investigated or submitted a report. *Id.* Moreover, despite these arguments being raised in Elon University's motion to dismiss, *Memorandum*, D.E. 6., Knight does not respond to the assertion that he never submitted a complaint to the relevant executive agency's Inspector General. *Response*, D.E. 9. Knight has had three distinct opportunities to allege that he exhausted his administrative remedies and has not done so. This failure is fatal to his claim and Count I of the complaint must be dismissed.

### III.  Wrongful Termination Claim

While the Court has federal question jurisdiction over Knight's NDAA claim, the Court does not have federal question or diversity jurisdiction over his second claim for wrongful termination in violation of North Carolina public policy. Instead, the Court has discretion to assert supplemental jurisdiction over the claim.

Under 28 U.S.C. § 1367, a district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States constitution." However, "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (internal citation and quotation omitted). This is because "when all federal claims are dismissed early in the litigation, the justifications behind [supplemental] jurisdiction—considerations of judicial economy, convenience and fairness to litigants—are typically absent." *Alexandria Resident Council, Inc., v. Alexandria Redv. & Hous. Auth.*, 11 F.App'x 283, 287 (4th Cir. 2001) (internal quotations and

citations omitted). A court declining to exercise supplemental jurisdiction has "inherent power to dismiss the case… provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

Application of the § 1367 factors to Knight's case supports dismissal. With the dismissal of Knight's NDAA claim for failure to exhaust all his administrative remedies, only the state law claim remains. As this case is in the early stages of litigation, the considerations of judicial economy, convenience and fairness to litigants are absent. Accordingly, this Court declines to exercise supplemental jurisdiction over Knight's state claim and dismisses the case for lack of jurisdiction.[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES Ray Knight's Motion for Leave to File a Sur-Reply for lack of good cause and GRANTS Elon University's Motion to Dismiss for failure to exhaust administrative remedies and the ensuing lack of supplemental jurisdiction. Accordingly, this action is DISMISSED without prejudice.

This the 27th day of May, 2026.

  /s/ David A. Bragdon
United States District Judge

---

[1] Even if the Court were to exercise supplemental jurisdiction over Knight's state claim, the claim would be dismissed. A wrongful termination claim under North Carolina policy requires a termination or discharge. *Bigelow v. Town of Chapel Hill*, 227 N.C. App. 1, 11 (2013). The Court understands that teachers and professors, prior to receiving tenure, are employed for a definite term rather than employed at will. *Joyner v. Perquimans Cnty. Bd. Of Educ.*, 231 N.C. App. 358, 363 (2013). Denial of tenure, therefore, is not itself a discharge. *Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 611 (1997). Moreover, Knight has not alleged that he was terminated from his position. Knight alleges that his tenure was denied in March 2023 but makes no allegations regarding if his employment ended or when it ended. *Complaint*, ¶ 31, D.E. 1. In the absence of those facts, the Court cannot find, even when taking the facts as pleaded by Knight as true, that Knight was terminated under N.C. Gen. Stat. § 14-118.2.